IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ERON MICHAEL SPIVEY, § <br> (TDCJ No. 02148007), § <br>     Plaintiff, § <br> § <br> vs. § <br> § <br> HANNAH OROSCO-SLOAN, and § <br> RICK K. BRANUM, § <br> § <br>     Defendants. § | Civil Action No. 4:20-CV-558-P |

## OPINION and ORDER OF DISMISSAL
## UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff Eron Michael Spivey's ("Sprivey") complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff Spivey must be dismissed under authority of these provisions.

### BACKGROUND

Spivey initiated this case with the filing of a civil-rights complaint form. Compl. 1-4, ECF No. 1. Although the case was initially filed in December 2019 in the Eastern District of Texas, it was transferred to this Court in May 2020. Order 1-2, ECF No. 8 In the complaint, Spivey named as defendants Hannah Orosco-Sloan and Rick K. L. Branum, both identified as police officers with the City of Grand Prairie, Texas. *Id.* at 3. Spivey writes that each of them violated his Fourth Amendment rights.*Id.* In his statement of claim, Spivey writes:

> On the night of December 7, 2015 at approximately 7:00 p.m. Officer Hannah Orosco-Sloan unreasonably seized Plaintiff by placing him in back of her patrol car for approximately three hours without consent or probable cause, Officer

> Rick K. L. Brannum gave the order to Officer Orsoco-Sloan to not allow Plaintiff to leave the scene and keep Plaintiff restrained. The incident took place in the parking lot of Baylor Clinic at Riverside at Post and Paddock Highway 3260 Grand Prairie, TX.

*Id*. at 4. For relief in this proceeding, Spivey seeks $25,000 in monetary damages from each defendant. *Id*.

Review of public court records reveals that Spivey was later charged and convicted of capital murder, case number 1443186D, in the 297th District Court, Tarrant County, Texas. *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=08412843; *see also Spivey v. Texas*, No. 02-17-238-CR, 2019 WL 1848720 (Tex. App.—Fort Worth 2019, writ ref'd). Spivey was convicted in the death of his girlfriend's two year old child arising from events that took place on December 6-7, 2015. *Spivey*, 2019 WL 1848720, at *1-2.[1] Spivey was sentenced on July 25, 2017.

### LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Spivey is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Spipvey is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A

---

[1] The Court takes judicial notice of the records of the state court proceedings. *See* Fed. R. Evid. 201(a) and 201 (b)(1).

provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### ANALYSIS - Claims Barred by Statute of Limitations

The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit. *See Wilson v. Garcia*, 471 U.S. 261, 273-76 (1985) (holding that state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983). In Texas, the applicable limitations period is

two years. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a) (West 2017) (Texas's two-year, personal-injury limitations statute). A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore*, 30 F.3d at 620 (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)).

Accrual of a claim under § 1983 is determined by federal law, under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action. *See Harris*, 198 F.3d at 157 (citing *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) and *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

Spivey's Fourth Amendment claims challenging his detention on December 7, 2015 must have accrued within the first few days after his detention at the time of being charged with capital murder. *See generally Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012) ("[A]ny claim of false imprisonment arising out of the allegedly unlawful search and seizure accrued . . . when a magistrate judge found probable cause to detain [Plaintiff] pending trial.") (citing *Kato*, 549 U.S. at 391-92)). Upon review of the allegations in this complaint,

the Court sees no basis to believe that Spivey did not know or have reason to know of the events giving rise to his claims in this suit as they were taking place in December 2015. This suit was not filed until December 2019 over four years after the events made the basis of the complaint. Moreover and alternatively, Spivey was convicted and sentenced in July 2017, still over two years and several months before this suit was filed. As this suit was filed in December 2019, over four years beyond the events that took place in early December 2015, and over two years and several months past the date of Spivey's conviction, all of his claims in this suit are filed too late. The applicable two-year statute of limitations already had expired prior to the time Spivey filed suit. As all Spivey's claims are barred by the applicable statute of limitations, they must be dismissed.

## CONCLUSION and ORDER

It is therefore **ORDERED** that all plaintiff Eron Spivey's claims, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **2nd day** of **March, 2021**.

_/s/ Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE